MEYER L. RHEIN, Respondent, Appellant, v. FREDERIC A. PEESO, Appellant, Respondent.

First Department, December 3, 1920.

Partnership — accounting — right of partner to be allowed value of services in completing partnership contract after dissolution — right to value of materials used.

In closing up a partnership business the partner who liquidates is not entitled to anything for his services, but he must account for the profits upon any transactions originating prior to the dissolution which were obtained in closing up such contract after dissolution.

The defendant, who was in partnership with the plaintiff for the practice of dentistry, was not entitled on an accounting after dissolution to be allowed the value of his services in completing certain bridge work, where it appeared that before dissolution the partnership agreed to make a dental bridge for a client and the bridge proving unsatisfactory it was agreed by the partners that it should be corrected and after dissolution the client went to the defendant and made an agreement with him to correct the work and make a new bridge for a stipulated price in addition to what had already been paid to the firm on the original contract.

The plaintiff was not entitled under the dissolution agreement, which gave him the right to liquidate the business, to correct the defective work for the client and earn the money therefor.

The defendant was entitled to have allowed him on the accounting the reasonable value of the materials used in correcting the defective work.

APPEAL by the defendant, Frederic A. Peeso, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 19th day of February, 1920, upon the decision of the court rendered after a trial at the New York Special Term directing a partnership accounting; also an appeal by the plaintiff, Meyer L. Rhein, from so much of said judgment as authorizes an allowance to the defendant for the value of his services upon such an accounting.

*Almuth C. Vandiver* of counsel [*Lanman Crosby* with him on the brief]; *O'Gorman, Battle & Vandiver,* attorneys, for the plaintiff.

*William S. Evans* of counsel [*H. A. & C. E. Heydt,* attorneys], for the defendant.

SMITH, J.:

The plaintiff and defendant were copartners in dentistry. The plaintiff did the root work, so called, while the defendant did the mechanical work. While they were such copartners they undertook to make a dental bridge for one Mrs. Benedict, for which they were to receive the sum of $3,500. That bridge was unsatisfactory and both partners agreed that it should be corrected. Mrs. Benedict had paid $1,000 upon the account. Thereafter the members of the partnership disagreed and dissolved and it was provided that the plaintiff should liquidate the partnership. Up to this time they had not

corrected their work for Mrs. Benedict which was confessedly imperfectly done. After the dissolution Mrs. Benedict came to the defendant and made an agreement with him to correct that work and make a new bridge for $1,500. This the defendant did and received the agreed compensation. The plaintiff claims six-elevenths of that fee upon the theory that this was the closing up of the partnership business and that he was entitled to that share of the profits. This was the percentage of the assets of the partnership agreed upon in the agreement of dissolution as belonging to the plaintiff. The Special Term held that the partnership continued for the purpose of making this correction, but held that the defendant was entitled to deduct from said $1,500 before accounting to the plaintiff for his share thereof the reasonable value of the defendant's services in making said correction and the expenses incurred therein. The general rule is that in closing up a partnership business the partner who liquidates is not entitled to anything for his services, but must account for the profits upon any transactions originating prior to the dissolution, but which were obtained in closing up such contract after dissolution.

The plaintiff claims that as under the agreement he was to liquidate the business, he had the right to do this work and earn this money. But that claim cannot be sustained. In the first place, his agreement to liquidate the business does not seem to me to have been intended to include the right to do the work necessary to correct the mistake in order that collection might be made of the contract price. Again, such a claimed right is wholly unenforcible because Mrs. Benedict herself had at least the right to choose which partner she would trust to do the work, and the defendant being the man who did the mechanical work, it was very natural for her to go to him to correct the defective bridge, which was a part of the mechanical work, and not a part of the root work which was the part assigned to the plaintiff in the partnership. This work was done by the defendant apparently with the consent of the plaintiff. The defendant wrote certain letters which apparently recognized an obligation on his part to the plaintiff. The liability of the defendant to account is found in the partnership agreement executed before dissolution with

Mrs. Benedict to correct the work. It was unfinished work of the partnership. The plaintiff, as liquidating partner could not have sued to collect the balance due, because the partnership had not fulfilled its part of the contract.

The case of *Stem* v. *Warren* (185 App. Div. 823) seems to present very similar circumstances, and in that case it was held that the partner who finished the contract was liable to account to the estate of his deceased partner, and was not entitled to an allowance for the value of his services. I see no difference in principle where the question arises between a surviving partner and the estate of a deceased partner and where the question arises between two partners who have dissolved by mutual consent. The case cited was modified in the Court of Appeals (227 N. Y. 538), but the rule as stated in the Appellate Division, so far as concerns the question here raised, was approved. Under that authority, as well as under the general rule governing liability after the termination of a partnership in respect to unfinished business of that partnership, the allowance permitted to the defendant for the value of his services in repairing the defective bridge would seem to have been unauthorized. The judgment, as far as appealed from by the defendant is, therefore, affirmed. As far as appealed from by the plaintiff it is modified so as to allow upon the accounting only for the materials reasonably used by the defendant in said work, and as so modified affirmed, with costs of the appeal to the plaintiff.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Judgment, so far as appealed from by defendant, affirmed, and so far as appealed from by plaintiff modified as directed in opinion and as so modified affirmed, with costs to plaintiff. Settle order on notice.